UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. DOWNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-42 NAB |
| | ) | |
| NICOLE GREEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, an inmate at the Dunklin County Justice Center, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's complaint under 28 U.S.C. § 1915(e), the Court finds it duplicative of plaintiff's pending case, *Downs v. Green, et al.*, No. 1:17-CV-135 CDP (E.D. Mo), and will dismiss the complaint without prejudice for this reason.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff's complaint is similar to the allegations contained in the third amended complaint plaintiff's appointed counsel filed in *Downs v. Green, et al.*, No. 1:17-CV-135 CDP (E.D. Mo.) ("*Downs I*"). In that case, plaintiff asserts that he was subjected to cruel and unusual punishment during his incarceration at the Dunklin County Jail and during the course of his arrest by City of Malden police officers.

On January 19, 2018, in *Downs I*, the Court entered an order issuing process on the amended complaint on defendants Nicole Green, Jimmy Smith, and Kyle Simms in their individual capacities. *See Downs I*, ECF No. 15. The Court dismissed without prejudice plaintiff's claims against defendants Ashley Green and Dr. Unknown Pewitt. *Id.* On May 14, 2018, the Court granted plaintiff counsel in *Downs I*. Counsel for plaintiff filed a third amended complaint on June 29, 2018. *See Downs I*, ECF No. 41. Summons have recently been issued as to defendants Nicole Green, Jimmy Smith, Kyle Simms, Denise Summers, Jarret Bullock, Dunklin County, Missouri, Bob Holder and the City of Malden, Missouri, who are all named defendants in the present action.

In light of the aforementioned, and because plaintiff is represented by counsel in *Downs I*, the Court will dismiss plaintiff's complaint in this action as duplicative under § 1915(e).

Accordingly,

2

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall not issue process upon the complaint because it is duplicative of the third amended complaint filed in *Michael Jerome Downs v. Nicole Green, et al.*, No. 1:17-CV-135 CDP (E.D. Mo.), which is currently pending before the Court.

**IT IS FURTHER ORDERED** that all pending motions in this action are **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of August, 2018.

                                                           STEPHEN N. LIMBAUGH, JR.
                                                           UNITED STATES DISTRICT JUDGE